UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:15-cr-72 |
| | ) |
| JORGE ESQUEDA | ) |
| LAZARO DELGADO-GONZALEZ, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

At the January 24, 2017 initial appearance, the government requested that the defendants, Jorge Esqueda and Lazaro Delgado-Gonzalez, be held without bond. A detention hearing was scheduled for February 2, 2017.

At the detention hearing, the government proffered evidence without objection. First, it offered 7 photographs taken during a search of the Esqueda residence. The photographs depict Latin King gang paraphernalia. The government then indicated that if ATF Agent Jason Gore testified, he would relate the statements made by 8 co-defendants who are cooperating with the government. These cooperating defendants were identified by number and implicated both Esqueda and Delgado-Gonzalez in acts of violence as part of the gang activities. The cooperating defendants also stated that both defendants had leadership roles in the Latin Kings and participated in the sale of narcotics.

After the government had concluded its proffer, the defendants requested any statements previously made by Agent Gore under Federal Rule of Criminal Procedure 26.2. In the subsequent discussion and the brief filed on February 9, 2017, the government indicated that Agent Gore had not made any statements summarizing his investigation. However, he had

participated in taking some of the proffers and had made substantially verbatim accounts of what these defendants had said. He also reviewed the verbatim accounts made by other federal agents who had taken the proffers from the remaining cooperating defendants. However, Agent Gore did not make any additional notes or summaries of what was contained in the statements taken by his fellow case agents.

Probable cause and detention hearings are not intended to be a mini-trial on the merits of the case. They also are not to be used as a discovery device to circumvent the limited discovery provided for in **Federal Rule of Criminal Procedure 16.** It is common for the government to present its evidence by way of proffer. The defendant then has the opportunity to call the case agent for cross-examination. A defendant frequently proffers the testimony of a family member concerning the defendant's ties to the community.

Under **Federal Rule of Evidence 1101(d)**, the normal rules of evidence do not apply at a probable cause or detention hearing. The government can call a case agent to summarize the investigation. The summary could include statements which technically are hearsay. A proffer is another method of introducing hearsay testimony which would be inadmissible at trial.

In the instant case, the government proffered the testimony of Agent Gore. If Agent Gore had testified, he would have relied on some of the co-defendants statements he personally had made along with the statements made by other case agents who interviewed cooperating defendants without Agent Gore being present. The question now is what statements, if any, the defendants are entitled to see under Rule 26.2.

The Jencks Act, 18 U.S.C. § 3500, has been adopted as **Rule 26.2** which provides:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of

the witness that is in their possession and that relates to the subject matter of the witness's testimony.

*See also* **Federal Rule of Evidence 612.**

The purpose behind Rule 26.2 and Rule 612 is to permit an adverse party to see any prior statements made by the witness and relied upon during direct examination. The prior statements may contain information which can be used for impeachment purposes during cross-examination. As previously stated, Agent Gore did not testify at the detention hearing, so there cannot be any prior inconsistent statements relating to his testimony. If the proffer was inaccurate, it was due to a misstatement by the government's attorney and not Agent Gore. In other words, the statements requested by the defendants do not have the impeachment value contemplated by these rules. *See generally* **United States v. Ortiz,** 2013 WL 247226 (E.D. Pa. 2013); **United States v. Cabrera-Ortigoza,** 196 F.R.D. 571, 575 (S.D. Cal. 2000).

For the foregoing reasons, the defendant's request for the production of any statements relating to the proffers made by co-defendants is **DENIED.**

ENTERED this 14th day of February, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge